1  DOUGLAS E. MIRELL (SBN 094169)
   dmirell@loeb.com
2  DANIEL J. FRIEDMAN (SBN 158297)
   dfriedman@loeb.com
3  ERIC SCHWARTZ (SBN 266554)
   eschwartz@loeb.com
4  LOEB & LOEB LLP
   10100 Santa Monica Boulevard, Suite 2200
5  Los Angeles, California 90067-4120
   Telephone:  310-282-2000
6  Facsimile:   310-282-2200

7  Attorneys for Defendants
   BABY IT'S YOU, LLC; FLOYD
8  MUTRUX; NORTHERN LIGHTS,
   INC.; JONATHAN SANGER; and
9  JONCAR PRODUCTIONS, INC.

10

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13                   WESTERN DIVISION

14

15  MICHAEL DRESCHER,                ) Case No.  CV 10-6854-PSG (PLAx)
                                     )
16          Plaintiff,               ) Assigned to Hon. Philip S. Gutierrez
                                     )
17     v.                            ) **DEFENDANTS' NOTICE OF**
                                     ) **MOTION AND MOTION TO**
18  BABY IT'S YOU, LLC; FLOYD        ) **DISMISS THE FIRST, SECOND,**
    MUTRUX; NORTHERN LIGHTS,         ) **THIRD AND SEVENTH CAUSES**
19  INC.; JONATHAN SANGER; and       ) **OF ACTION OF PLAINTIFF'S**
    JONCAR PRODUCTIONS, INC.,        ) **COMPLAINT PURSUANT TO**
20                                   ) **FEDERAL RULE OF CIVIL**
            Defendants.              ) **PROCEDURE 12(b)(6);**
21                                   ) **MEMORANDUM OF POINTS AND**
                                     ) **AUTHORITIES**
22                                   )
                                     ) **(Request For Judicial Notice Filed**
23                                   ) **Concurrently)**
                                     )
24  ─────────────────────────────────) Date:  December 13, 2010
                                       Time:  1:30 p.m.
25                                     Courtroom:  880

26

27

28

**TO PLAINTIFF MICHAEL DRESCHER AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 13, 2010, at 10:00 a.m., or as soon thereafter as this matter may be heard, in the courtroom of the Honorable Philip S. Gutierrez (Courtroom 880) located at 255 East Temple Street, Los Angeles, CA 90012, Defendants Baby It's You, LLC, Floyd Mutrux, Northern Lights, Inc., Jonathan Sanger and Joncar Productions, Inc. (collectively, "Defendants") will, and hereby do, move pursuant to Federal Rule of Procedure 12(b)(6) to dismiss the first, second, third, and seventh causes of action from the Complaint of Plaintiff Michael Drescher ("Plaintiff").

The grounds for dismissal are as follows:

1.     Plaintiff's first cause of action for sale of an unregistered security under Section 12(a)(1) of the Securities Act fails as a matter of law because (a) Plaintiff did not purchase any securities, and (b) the claim is time-barred under the one-year statute of limitations;

2.     Plaintiff's second cause of action for oral misrepresentation in connection with the sale of a security under Section 12(a)(2) of the Securities Act fails as a matter of law because (a) Plaintiff did not purchase any securities from Defendants and (b) there was no public offering of any securities by Defendants;

3.     Plaintiff's third cause of action for fraud in connection with the purchase or sale of a security under Rule 10(b)-5 and section 10(b) of the Exchange Act fails as a matter of law because Plaintiff did not purchase, or enter into an enforceable contract to purchase, any securities; and

4.     Plaintiff's seventh cause of action for an accounting fails because Plaintiff's complaint is clear on its face that an accounting is not needed, and Plaintiff has an adequate remedy at law (the return of a fixed sum).

This motion is made following the conferences of counsel pursuant to Local Rule 7-3, which occurred on October 13 and November 8, 2010.

1    This motion is based on this Notice of Motion and Motion, the attached

2  Memorandum of Points and Authorities, Request for Judicial Notice all other

3  pleadings and papers on file herein, and upon such oral argument as may be made at

4  the hearing on this motion.

5

6  Dated:  November 12, 2010                Respectfully submitted,
                                            LOEB & LOEB LLP
7                                           DOUGLAS E. MIRELL
                                            DANIEL J. FRIEDMAN
8                                           ERIC SCHWARTZ

9
                                            By:    /s/ Daniel J. Friedman
10                                              Daniel J. Friedman
                                            Attorneys for Defendants
11                                          BABY IT'S YOU, LLC; FLOYD
                                            MUTRUX; NORTHERN LIGHTS, INC.;
12                                          JONATHAN SANGER; and JONCAR
                                            PRODUCTIONS, INC.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.      INTRODUCTION**

3          This case arises from the unsuccessful discussions which occurred in

4 December of 2008 between Plaintiff, Michael Drescher ("Plaintiff"), and certain of

5 the Defendants concerning a potential additional investment of $600,000 by Plaintiff

6 in a musical production initially called "The Shirelles," subsequently called "Baby

7 It's You," which was created and produced by the Defendants. Despite the fact that

8 Plaintiff knew that he did not have any "meeting of the minds" or a binding

9 agreement concerning his potential additional investment, on December 31, 2008,

10 Plaintiff wired $600,000 to Defendant Baby It's You, LLC ("BIY"). The parties

11 were unable in subsequent discussions to reach agreement concerning the terms of

12 an additional investment by Plaintiff, which resulted in this action being filed in the

13 District Court in Wisconsin on March 8, 2010. The case was transferred to this

14 Court by the District Court, Eastern District of Wisconsin on or about September 13,

15 2010.

16          This motion is principally directed to Plaintiff's claims under the Federal

17 securities laws. Those claims fail for the principal reason that Plaintiff never

18 purchased any securities (or anything else) from Defendants. Those claims also fail

19 for additional reasons, specifically:

20          1.      Plaintiff's first cause of action for sale of an unregistered security under

21 Section 12(a)(1) of the Securities Act fails as a matter of law because (a) Plaintiff

22 did not purchase any securities, and (b) the relevant statute of limitations bars this

23 cause of action;

24          2.      Plaintiff's second cause of action for oral misrepresentation in

25 connection with the sale of a security under Section 12(a)(2) of the Securities Act

26 fails as a matter of law because (a) Plaintiff did not purchase any securities from

27 Defendants and (b) there was no public offering of a security;

28

3.     Plaintiff's third cause of action for fraud in connection with the purchase or sale of a security under Rule 10(b)-5 and section 10(b) of the Exchange Act fails as a matter of law because Plaintiff did not purchase, or have any enforceable contract to purchase, any securities; and

4.     Plaintiff's seventh cause of action for an accounting fails because Plaintiff's complaint makes clear that no accounting is necessary.

Accordingly, and as explained more fully below, Defendants respectfully request that this Court dismiss Plaintiff's first, second, third and seventh causes of action.

## II.     FACTUAL BACKGROUND

The following allegations of the Complaint ("Compl.") are assumed to be true solely for purposes of this motion:

In 2007, defendant Floyd Mutrux ("Mutrux") and Plaintiff entered into an agreement whereby Plaintiff invested $200,000.00 in a theatrical project, tentatively entitled "The Shirelles" (the "Musical"), which Mutrux was writing. Compl. ¶¶ 12-13. In exchange for his investment, Plaintiff acquired a 3% interest in the net profits derived from the exploitation of the Musical. Compl. ¶ 13. Plaintiff is not pursuing any claims in this action based on his initial investment of $200,000.00 in 2007. Compl. ¶¶ 41-42.

Some time thereafter, Mutrux transferred his rights in the Musical to BIY. Compl. ¶ 17. Mutrux also engaged defendant Jonathan Sanger ("Sanger") and his company, Joncar Productions, Inc., to help him produce the Musical. Compl. ¶ 18.

In December 2008, Plaintiff, Mutrux and Sanger discussed a potential additional investment by Plaintiff in the Musical and other theatrical productions of at least $600,000.00. Compl. 20.

With the negotiations still ongoing, on December 31, 2008, Plaintiff wired $600,000.00 to BIY. Compl. ¶ 23. Despite the fact that he wired funds to BIY on December 31, 2008, there was never any agreement reached concerning an

1 | additional investment by Plaintiff.  Indeed, Plaintiff alleges:  "At no time did either
2 | plaintiff (on the one hand) or defendants Mutrux and Sanger (on the other) consider
3 | that they had concluded a contract based upon the face-to-face and telephone
4 | conversations and the exchanges of emails that took place in December 2008."[1]
5 | Compl. ¶ 40.

6 | **III.    ARGUMENT**

7 |     **A.    Legal Standard Applicable To A Motion To Dismiss For Failure To**
8 |         **State A Claim.**

9 |     Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") authorizes a
10 | court to dismiss a claim on the basis of a dispositive issue of law.  *Hishon v. King &*
11 | *Spalding*, 467 U.S. 69, 73 (1984).  The rule tests the legal sufficiency of the claims
12 | stated in the complaint and requires courts to decide whether the allegations, if true,
13 | would entitle plaintiff to a legal remedy.  *De La Cruz v. Tormey*, 582 F.2d 45, 48
14 | (9th Cir. 1978).

15 |     A dismissal is proper pursuant to FRCP 12(b)(6) where there is either a lack
16 | of a cognizable legal theory or the absence of sufficient facts alleged under a
17 | cognizable legal theory.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th
18 | Cir. 1988).  Moreover, Congress has directed the district courts to "serve a
19 | gatekeeping role at the motion to dismiss stage" by closely examining the viability
20 | of securities law claims.  *In re Scientific Atlanta, Inc. Sec. Litig.*, 239 F.Supp.2d
21 | 1351, 1357 (N.D. Ga. 2002).

22 |
23 |
24 |
25 |

26 | [1] The District Court for the Eastern District of Wisconsin agreed.  District Judge
27 | Lynn Adelman ruled, in a September 13, 2010 Decision and Order, that "the
evidence in the record does not establish that the parties formed a contract."
28 | Request for Judicial Notice, Ex. A, at 7.

**B.** **Plaintiff's First Cause Of Action, For Violations Of §§5(a), 5(c), and 12(a)(1) of the Securities Act, Fails As A Matter of Law.**

In his first cause of action, Plaintiff alleges that Defendants sold him an unregistered security in violation of §§ 5(a), 5(c), and 12(a)(1) of the Securities Act. This claim fails as a matter of law for two reasons. First, Plaintiff has no standing to pursue this claim because he never purchased any securities. Second, even if Plaintiff did purchase a security (which he did not), his claim would be barred by the one-year statute of limitations.

**1.** **Plaintiff Did Not Purchase Any Securities.**

Sections 5(a) and (c) of the Securities Act prohibit the sale of a security, unless "a registration statement is in effect." 15 U.S.C. §§77e(a), 77e(c). Section 12(a)(1) of the Securities Act provides a private right of action for violations of sections 5(a) and (c). 15 U.S.C. §77l. Specifically, section 12(a)(1) provides that a person who offers or sells an unregistered security shall be liable "to the person ***purchasing*** such security from him…." 15 U.S.C. § 77l(a) (emphasis added). The language of the statute is clear – without a "purchase," there is no standing to bring a private right of action under section 12(a)(1). *Canut v. Lyons*, 450 F.Supp. 26, 29-30 (C.D. Cal. 1977) (denying standing to plaintiff-conservator to bring action for violations of Sections 5 and 12 of the Securities Act of 1933, Section 10(b) of the Exchange Act of 1934, and Rule 10(b)-5 because plaintiff was not a purchaser of a security).

The "purchase" element is not met where negotiations for the purchase of a security did not result in a binding contract. In *American Nursing Care of Toledo, Inc. v. Leisure*, 609 F.Supp. 419 (N.D. Ohio 1984), the District Court held that discussions among parties regarding the purchase of stock could not be deemed "offers" or "sales" under the Securities Act where there was no binding contract to purchase the stock. *American Nursing*, 609 F.Supp. at 429.

1    Here, Plaintiff does not satisfy the standing requirement because he did not
2  purchase any securities or enter into a binding contract for the purchase of any
3  securities. *Canut*, 450 F.Supp. at 29-30.  Rather, Plaintiff expressly acknowledges
4  that he did *not* enter into an enforceable contract with Defendants concerning an
5  additional investment.  Compl. ¶ 40.  Since Plaintiff did not purchase any securities
6  or enter into an enforceable contract for the purchase of securities, this claim fails.
7  *American Nursing*, 609 F.Supp. at 429 (plaintiff lacked standing to bring claims
8  under Sections 12(a)(1) and 12(a)(2) of the Securities Act, and Section 10(b) of the
9  Securities Exchange Act, where he did not purchase any stock and "there was no
10  enforceable contract right to acquire stock").

11           **2.     Plaintiff's Claim Is Also Barred By the One-Year Statute Of**
12                    **Limitations.**

13    Even if Plaintiff had purchased a security from Defendants (which he did
14  not), his claim would be barred by the one-year statute of limitations.  An action
15  alleging a sale of securities in violation of the Securities Act section 12(a)(1)
16  registration requirement must be brought within one year after the alleged violation.
17  *P. Stolz Family Partnership L.P. v. Daum*, 355 F. 3d 92, 100-06 (2nd Cir. 2004).
18  The one-year period commences upon "use of the mail or interstate commerce to
19  complete any integral stage of the sale of an unregistered security, ***including***
20  ***remittance of the funds for the purchase.***"  *Raiford v. Buslease, Inc.*, 825 F.2d 351,
21  355 (11th Cir. 1987) (emphasis added).

22    Here, although no sale was ever consummated, Plaintiff admits in his
23  complaint that he remitted $600,000.00 to BIY in furtherance of any contemplated
24  transaction on December 31, 2008, well over one year prior to the filing of his
25  complaint on March 8, 2010.  Compl. ¶ 23.  Thus, even assuming a sale of securities
26  had occurred, Plaintiff's first claim would be barred by the statute of limitations.

27
28

1  **C.**   **Plaintiff's Second Cause Of Action For Violation Of §12(a)(2) Of**
2         **The Securities Act Fails As a Matter Of Law.**

3      In his second cause of action, Plaintiff asserts a cause of action for oral
4  misrepresentations in connection with the sale of a security under section 12(a)(2) of
5  the Securities Act.  This claim fails as a matter of law for two reasons.  First,
6  Plaintiff did not purchase any securities.  Second, there was no public offering of
7  any securities.

8         **1.**   **Plaintiff Did Not Purchase a Security.**

9      Like section 12(a)(1), section 12(a)(2) limits standing to a person
10 "***purchasing*** such security" from the defendant.  15 U.S.C. §77l(a) (emphasis
11 added); *Canut*, 450 F.Supp. at 29-30; *American Nursing*, 609 F.Supp. at 429.  As
12 noted above, plaintiff was not a purchaser of any securities.  Thus, Plaintiff has no
13 standing to bring a cause of action under §12(a)(2) of the Securities Act.

14        **2.**   **There Was No Public Offering of Securities by Defendants.**

15     A plaintiff has standing under section 12(a)(2) only if he or she purchased
16 securities in connection with a public offering.  *Gustafson v. Alloyd Co.*, 513 U.S.
17 561, 578 (1995);  *Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc.*, 165
18 F. Supp. 2d 615, 622 (S.D.N.Y. 2001) ("plaintiffs have standing under Section
19 12(a)(2) of the 1933 Act only if they purchase their securities in a public offering
20 rather than in a private transaction or in the secondary market").

21     Here, there was no "public offering" of securities.  Nowhere in his Complaint
22 does Plaintiff allege that Defendants offered any securities to the public, nor does he
23 allege that he purchased or sought to purchase any securities in connection with a
24 public offering.  Thus, plaintiff does not have standing to bring a cause of action for
25 violation of §12(a)(2).

26

27

28

**D.** **Plaintiff's Third Cause Of Action For Violation Of § 10(b) Of The Exchange Act And Rule 10b-5 Fails As A Matter Of Law.**

Section 10(b) of the Securities and Exchange Act of 1934 (15 U.S.C. §78j(b)), and Rule 10(b)-5 promulgated thereunder by the Securities and Exchange Commission (17 C.F.R. §240.10b-5) make it unlawful to make misleading statements "in connection with the purchase or sale" of securities.[2] *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 733 (1975). A sale means either an actual sale, or "any contract to sell or otherwise dispose of " a security. 15 U.S.C. § 78c(a)(14). In *Blue Chip Stamps*, the Supreme Court upheld the "*Birnbaum* rule" that a private damages action under Rule 10b-5 is "limited to actual purchasers and sellers" of securities. *Blue Chip Stamps*, 421 U.S. at 731 (affirming the long-standing decision in *Birnbaum v. Newport Steel Corp.*, 193 F.2d 461 (2d Cir. 1952)); *see also, Canut*, 450 F.Supp. at 29-30.

As noted above, Plaintiff admits that he did not purchase, or have any enforceable contract to purchase, any securities. Compl. ¶ 40. Accordingly, this claim is not viable. *American Nursing*, 609 F.Supp. at 429; *Canut*, 450 F.Supp. at 29-30.

---

[2] Section 10(b) of the Securities Act forbids the "use or employ, *in connection with the purchase or sale of any security* ... [of] any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 78j(b) (emphasis added).

Rule 10b-5 makes the following unlawful in connection with the purchase or sale of any security:

"(a) To employ any device, scheme, or artifice to defraud,

(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person."

17 C.F.R. § 240.10b-5.

E. **Plaintiff's Seventh Cause Of Action For An Accounting Fails As A Matter Of Law.**

In his seventh cause of action, Plaintiff alleges, in the alternative, an unspecified agreement in connection with his unsuccessful negotiations to invest additional sums with Defendant entitling Plaintiff "to inspect and audit all of the financial records of the company." Compl. ¶¶ 70-71. Plaintiff seeks "access to all of the books and records relating to the production of the Play, and for an audit of such books and records." Compl. ¶ 72. This claim fails as a matter of law.

Plaintiff is not entitled to an accounting because he did not reach any agreement with Defendants with respect to his proposed additional investment with Defendants. "A suit for an accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law. [Citations.] An accounting will not be accorded with respect to a sum that a plaintiff seeks to recover and alleges in his complaint to be a sum certain." *Civic Western Corp. v. Zila Industries, Inc.*, 66 Cal.App.3d 1, 14 (1977), quoting *St. James Church v. Superior Court*, 135 Cal.App.2d 352, 359 (1955).

Here, the Complaint is clear that an accounting is not necessary. Plaintiff alleges that he sent the sum of $600,000 to BIY knowing that he did not have an agreement with any of the Defendants. Assuming, *arguendo*, the truth of that allegation, Plaintiff is entitled to recovery of only that precise sum. No accounting is necessary.

IV. **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to dismiss Plaintiff's first, second, third, and seventh causes of action against all Defendants, on the ground that they fail to state claims upon which relief can be granted. Since the defects in those claims cannot be cured by

1  amendment, Defendants respectfully request that the dismissal be without leave to

2  amend.

3

4  Dated:  November 12, 2010          LOEB & LOEB LLP
                                      DOUGLAS E. MIRELL
5                                     DANIEL J. FRIEDMAN
                                      ERIC SCHWARTZ
6

7                                     By:___/s/ Daniel J. Friedman_____
                                      Daniel J. Friedman
8                                     Attorneys for Defendants
                                      BABY IT'S YOU, LLC; FLOYD
9                                     MUTRUX; NORTHERN LIGHTS, INC.;
                                      JONATHAN SANGER; and JONCAR
10                                    PRODUCTIONS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28