O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#34/35

CIVIL MINUTES - GENERAL

| Case No. | CV 10-6854 PSG (PLAx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | Michael Drescher v. Baby It's You, LLC, *et al*. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present      Not Present

**Proceedings:**    (In Chambers) Order Granting Defendants' Motion to Dismiss Claims One, Two, Three and Seven of Plaintiff's Complaint

     Pending before the Court is Defendants' motion to dismiss claims one, two, three and seven of Plaintiff's Complaint. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS Defendants' motion.

I.      Background

     In July 2007, Defendant Floyd Murtrux approached Plaintiff Michael Drescher ("Plaintiff") about investing in a Broadway production that Mutrux was writing, then called "The Shirelles." *See Compl*. ¶ 12. Plaintiff describes the production as a "jukebox musical" focusing on the professional life of the 1950's singing group "The Shirelles." *Id.* On August, 22, 2007, Plaintiff and Mutrux entered into a written agreement providing that in exchange for Plaintiff's $200,000 investment, Plaintiff would get three percent of the net profits of the show. *Id.* ¶ 13. Mutrux allegedly diverted the money to pay for personal expenses, and when Plaintiff discovered that, he requested an accounting of the "Shirelles" project, which Mutrux denied. *See id.* ¶ 15.

     After the August 22, 2007 agreement, Mutrux, who also owns Defendant Northern Lights, Inc. ("Northern Lights"), formed Baby It's You, LLC ("BIY") and transferred his rights in "The Shirelles" to BIY. *Id.* ¶¶ 18-19. Defendant Jonathan Sanger ("Sanger"), through his company, Joncar Productions, Inc. ("Joncar"), began conducting the business of BIY with an

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#34/35**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6854 PSG (PLAx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | Michael Drescher v. Baby It's You, LLC, *et al*. | | |

initial task of raising capital to produce "The Shirelles" and other shows in development. *See id.* ¶ 19. Starting in December of 2008, Mutrux and Sanger, with the promise of new management and organized bookkeeping practices, approached Plaintiff and encouraged him to invest additional funds in BIY's projects. *See id.* ¶ 20. In fact, Mutrux and Sanger's fund raising effort lasted for "several weeks," and allegedly included assurances about how the money would be managed, that a number of famous people wanted to invest in the projects, and that Plaintiff would have access to all the financial data related to the various projects. *Id.* ¶¶ 22, 28, 33. Sanger and Mutrux did not, however, inform Plaintiff of the various risk factors associated with investing in theatrical productions. *Id.* ¶ 36. In reliance on the information provided by Sanger and Mutrux, Plaintiff sent $600,000 as an investment on December 31, 2008. *Id.* ¶¶ 38, 41. Of critical importance, however, neither Plaintiff nor any Defendant believe that an investment contract had been formed based on the information and assurances that allegedly induced Plaintiff to send $600,000. *Id.* ¶ 40.

On March 8, 2010, Plaintiff filed a Complaint in Wisconsin asserting the following claims: (1) violation of the Securities Act of 1933 §§ 5(a) and 5(c), 15 U.S.C. §§ 77e(a) and 77e(c); (2) violation of the Securities Act of 1933 § 12(a)(2), 15 U.S.C. § 77l(a)(2); (3) violations of the Securities Exchange Act of 1934 § 10(b), 15 U.S.C. § 78j(b) and Rule 10b-5; (4) Civil Theft; (5) Conversion; (6) Restitution/Unjust Enrichment; and (7) Accounting; (8) Fraudulent Misrepresentation; (9) Negligent Misrepresentation; and (10) violations of California's Unfair Competition Law, California Business and Professions Code § 17200 ("UCL" or "§ 17200"). The case was transferred to this Court from the United States District Court for the Eastern District of Wisconsin, and shortly thereafter, Defendants BIY, Mutrux, Northern Lights, Sanger and Joncar (collectively, "Defendants") filed the pending Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss claims one (Securities Act of 1933 §§ 5(a) and 5(c)), two (Securities Act of 1933 § 12(a)(2)), three (Securities Exchange Act of 1934 § 10(b) and Rule 10b-5), and seven (Accounting). *See* Dkt. #34.

II.     Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#34/35**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6854 PSG (PLAx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | Michael Drescher v. Baby It's You, LLC, *et al*. | | |

relief." *See* Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

In evaluating a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id*. at 1950. First, the Court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc*., 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 129 S. Ct. at 1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id*.

Finally, the Court notes that in ruling on a motion to dismiss, the Court may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). In particular, the Court may consider (a) documents that are "properly submitted as part of the complaint,"(b) documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested, and (c) "matters of public record" of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence. *See id*. (internal quotations omitted).

III.   Discussion

Defendants seek dismissal of Plaintiff's first, second, third and seventh causes of action. The Court will address each in turn, but will group the first, second, and third causes of action together because of the presence of a common question.

    A.   Defendants' Motion to Dismiss Plaintiff's Securities Law Causes of Action – Claims One, Two and Three

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#34/35**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6854 PSG (PLAx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | Michael Drescher v. Baby It's You, LLC, *et al.* | | |

Plaintiff's first, second and third causes of action are based on various securities laws codified at 15 U.S.C. §§ 77e(a) and 77e(c), 77l(a)(2), and 78j(b) and Rule 10b-5, respectively. Defendants argue that Plaintiff cannot state a claim for any of the mentioned securities laws because the Complaint does not allege an agreement to purchase securities—in fact, it disclaims any agreement to purchase—and thus Plaintiff is not a "purchaser" within the meaning of the statutes.

Sections 5(a) and 5(b) of the Securities Act of 1933—Plaintiff's first cause of action—prohibits the sale of a security "unless a registration statement is in effect." 15 U.S.C. §§ 77e(a), 77e(c). Section 12(a)(1) of the same act gives teeth to the registration requirement and provides a private right of action "to the person *purchasing* such [unregistered] security." 15 U.S.C. § 77l(a) (emphasis added). Like section 12(a)(1), section 12(a)(2)—Plaintiff's second cause of action—prohibits the offer or sale of a security "by the use of any means . . . of interstate commerce . . . which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements . . . not misleading." 15 U.S.C. § 77l(a)(2). Section 12(a)(2), like Section 12(a)(1), makes those who violate Section 12(a)(2) liable "to the person *purchasing* such security from him." 15 U.S.C. § 77l(a) (emphasis added). Finally, Section 10(b) of the Securities Exchange Act of 1934 and the Security and Exchange Commission's Rule 10(b)-5—Plaintiff's third cause of action—make it unlawful to make misleading statements "in connection with the purchase or sale" of securities. 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5. Consistent with the Plaintiff's first two causes of action, damages under Rule 10b-5 are available only to actual "purchasers" and "sellers" of the affected securities. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 733, 95 S. Ct. 1917, 44 L. Ed. 2d 539 (1975).

That a plaintiff be a "purchaser" or "seller" of a security in order to recover damages is fundamental. *See Ahern v. Gaussoin*, 611 F. Supp. 1465, 1477 (D. Or. 1985) ("Sections 11, 12 and 17 of the 1933 Act make relief available only to those who 'purchase' a security" and "relief is available under section 10(b) of the 1934 Act only to those who are defrauded in connection with the 'purchase' or 'sale' of a security"); *see also Pinter v. Dahl*, 486 U.S. 622, 645, 108 S. Ct. 2063, 100 L. Ed. 2d 658 (1988) ("The purchase requirement clearly confines § 12 liability to those situations in which a sale has taken place. Thus, a prospective buyer has no recourse against a person who touts unregistered securities to him if he does not purchase the securities."); *Rathborne v. Rathborne*, 683 F.2d 914, 918 (5th Cir. 1982) ("[E]ven if it can be established that there has been wrongdoing in connection with the purchase or sale of a security,

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#34/35**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6854 PSG (PLAx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | Michael Drescher v. Baby It's You, LLC, *et al*. | | |

a private party does not have standing to recover under Rule 10b-5 unless the plaintiff can allege and ultimately establish that he himself was a purchaser or seller."). It is for this reason that Plaintiff's first, second and third claims are insufficiently pleaded.

The securities laws at issue in this case do not define "purchase" or "purchaser." *See Pinter*, 486 U.S. at 645. The Supreme Court, however, has instructed courts to understand the term to include both "sell" and "offer," terms which are defined in the securities laws. *Id.* Sale is defined to include "every contract of sale or disposition of a security or interest in a security, for value," and "offer" is defined to include "every attempt or offer to dispose of, or solicitation of an offer to buy, a security or interest in a security for value." 15 U.S.C. § 77b(3). While an offeror may be liable to a purchaser without actually passing title, it is nonetheless required that a sale take place. *Pinter*, 486 U.S. at 643. A purchase or sale, however, "may in some cases encompass transactions that bear little resemblance to conventional common law purchases and sales." *See Rathborne v. Rathborne*, 683 F.2d 914, 920 (5th Cir. 1982). "The crucial question is not whether the transaction fulfills the requisites of a common law sale; the core issue is whether the transaction has transformed the plaintiff into the functional equivalent of a purchaser or seller." *Id.*

Plaintiff does not include any allegation in the Complaint that he purchased securities from Defendants and there are no facts from which it can be reasonably inferred that Plaintiff purchased a security from Defendants. As mentioned, Plaintiff alleges that he "provided" BIY with $600,000 in reliance upon the "misleading, false, incomplete and deceptive information supplied by defendants." *Compl.* ¶ 38. This, however, does not make Plaintiff a "purchaser" of a security sold by Defendant, as Plaintiff himself makes clear by saying that "[a]t no time did either plaintiff (on the one hand) or defendants Mutrux and Sanger (on the other) consider that they had concluded a contract based upon the face-to-face and telephone conversations and the exchanges of emails that took place in December, 2008." *Id.* ¶ 40.

Moreover, Plaintiff unmistakably alleges that other investors actually "purchased" securities, whereas he only alleges that he was "offered" securities, not that he bought them. *See id.* ¶ 32 ("The investments that defendants . . . *offered to sell to Plaintiff*, and *actually did sell to other investors* were 'securities' as defined by . . . the Securities Act of 1933." (emphasis added)). While Plaintiff may have been in negotiations to purchase securities from Defendants, the allegations in the Complaint make it clear that no agreement was ever reached, and failed negotiations not resulting in an agreement do not meet the "purchase" requirement of the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#34/35

CIVIL MINUTES - GENERAL

| Case No. | CV 10-6854 PSG (PLAx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | Michael Drescher v. Baby It's You, LLC, *et al*. | | |

securities laws. *See American Nursing Care of Toledo, Inc. v. Leisure*, 609 F. Supp. 419, 429 (N.D. Ohio) (holding that discussions between parties about the purchase of stock that did not result in an agreement could not be considered "offers" or "sales" under the Securities Act).

Notably, this is not the same case as *Goodman v. H. Hentz & Co.*, 265 F. Supp. 440 (N.D. Ill. 1967), where it was determined that an uncompleted purchase or sale of securities could still provide adequate grounds for a successful Rule 10b-5 claim. 265 F. Supp. 440, 444. In that case, the plaintiffs arrived at an agreement to purchase securities with the defendant, provided payment, and "but for the fraud of [defendant], [the transaction] would have been actual purchases or sales of securities by the plaintiffs." *Id.* Unlike that case, the Complaint here does not allege that "but for" the fraud of Defendants Plaintiff would have been an actual purchaser of a security. Rather, the Complaint suggests that Plaintiff knew he never had an agreement to purchase a security in the first place. *See Compl.* ¶ 40.[1] Without pleading that Plaintiff was a "purchaser" in a "sale" of a security, Plaintiff has no standing to pursue the securities law claims identified in the Complaint. Accordingly, the Court GRANTS Defendants' motion to dismiss counts one, two and three of the Complaint WITH LEAVE TO AMEND.

> B. <u>Defendants' Motion to Dismiss Plaintiff's Accounting Cause of Action – Claim Seven</u>

Finally, Defendants argue that dismissal of Plaintiff's seventh cause of action for accounting is warranted because Plaintiff has an adequate remedy at law: recovery of the $600,000 that he sent to Defendants. An action for an accounting is proper where damages are sought for an unliquidated and unascertained amount, "which cannot be determined without an accounting." *Ely v. Gray*, 224 Cal. App. 3d 1257, 1262, 274 Cal. Rptr. 536 (Cal. Ct. App.

---

[1] In the Opposition to Defendants' motion, Plaintiff argues that "an implied-in-fact contract was created by the defendants' acceptance and use of plaintiff's money, thus further justifying our accounting cause of action." Even if that is true, it is not alleged in the Complaint and a motion to dismiss under Rule 12(b)(6) measures the legal sufficiency of the claims stated in the complaint. *See Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197, n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." (emphasis in original)).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#34/35**

CIVIL MINUTES - GENERAL

| Case No. | CV 10-6854 PSG (PLAx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | Michael Drescher v. Baby It's You, LLC, *et al*. | | |

1990). "An accounting will not be accorded with respect to a sum that a plaintiff seeks to recover and alleges in his complaint to be a sum certain." *Id.*

Defendants' correctly argue that Plaintiff "alleges that he sent the sum of $600,000 to defendant Baby It's You LLC knowing that he did not have an agreement with any of the defendants." *See Reply* 12:17. While that is true with respect to Plaintiff's securities laws claims, Plaintiff alleges in his claim for accounting that an oral agreement exists between the parties, a critical provision of which relates to the "right, upon demand, to full disclosure and the right to inspect and audit all the financial records of the company." *See Compl.* ¶¶ 70-71. Nevertheless, the allegation that an oral contract exists between the parties is not supported by any other factual allegation in the Complaint, and is the type of "label and conclusion" that cannot withstand a motion to dismiss for failure to state a claim. *See Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). The Court assumes the truth of the allegation in the Complaint that Plaintiff sent Defendants $600,000 without an agreement in place, *see Compl.* ¶¶ 38, 40, which is an amount readily ascertainable without resort to an accounting. *See Ely*, 224 Cal. App. 3d at 1262. Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's seventh cause of action for accounting WITH LEAVE TO AMEND.

IV.     Conclusion

Based on the foregoing, the Court GRANTS Defendants' motion to dismiss Plaintiff's first, second, third and seventh causes of action WITH LEAVE TO AMEND. Plaintiff must file an amended by **JANUARY 28, 2011**. Failure to do so will result in these claims being dismissed with prejudice.

**IT IS SO ORDERED.**